Richard Leon THOMAS, Petitioner–Appellant,

v.

Larry SMALL, Respondent–Appellee.

No. 01–55278.

D.C. CV–99–01687–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2002 [1].

Decided March 13, 2002.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM[2]

Richard Leon Thomas ("Thomas") is a prisoner in state custody serving a sentence of twenty-five years to life as a result of California's Three Strikes law for the sale of $10 of cocaine base, a strike-qualifying offense. Thomas challenges the district court's decision to deny his petition for habeas relief under the Due Process Clause of the Fourteenth Amendment.

The provisions of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to a petition for writ of habeas corpus filed in federal court after April 24, 1996. Since Thomas filed his petition on August 10, 1999, AEDPA controls his case. AEDPA, in pertinent part, provides the following standard of review:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was *contrary to,* or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States

. . . .

28 U.S.C. § 2254(d). "A state court decision is 'contrary to' clearly established federal law if it failed to apply the correct controlling authority from the Supreme Court." *Brown v. Mayle,* 283 F.3d 1019, 1024 (9th Cir.2002) (internal quotations omitted). In order to merit habeas relief under the "contrary to" clause of AEDPA, a petitioner must show not only that the state court failed to apply clearly established Supreme Court law but also that the error had a substantial or injurious effect on the sentencing under the standard in *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). *See Packer v. Hill,* 277 F.3d 1092, 1102 (9th Cir.2002).

In order to merit habeas relief, the California Court of Appeal decision[3] must be contrary to clearly established Supreme Court law. Where, as in this case, there is no state court opinion addressing the petitioner's federal claims, we are required to conduct an independent review of the record and relevant federal law. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000). We have reviewed Thomas' due process claims and find no Supreme Court precedent that controls Thomas' challenge and, therefore, Thomas is not entitled to habeas relief with respect to his sentencing.

Because there is no controlling Supreme Court authority to support Thomas' due process claim, Thomas is also not entitled

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**3.** Because the California Supreme Court denied Thomas' review petition without com-

ment, the last reasoned decision on Thomas' due process challenge is the opinion by the California Court of Appeal. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803–04, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

to habeas relief to expunge the jury's finding in 1996 that Thomas was convicted of a strike-qualifying offense in 1980.

Accordingly, we affirm the district court's decision denying Thomas' habeas petition.